## JAMES W. SWEET *vs.* JENKINS & MAN.

A local usage cannot be considered a part of a contract, when it contradicts that contract.

SAMUEL Y. ATWELL, for the plaintiff.

RICHARD W. GREENE, for the defendant.

The opinion was delivered by

DURFEE, C. J.—This action was brought for the breach of the special contract set forth in the declaration. According to the terms of the contract as declared on, the plaintiff was to labor for the defendants for one year, for which the defendants were to pay him the sum of $1.42 cents per day.

It appeared in evidence that the plaintiff, after making this contract, hired a tenement in Mansville, where it was to be performed, entered into the occupation of it with his family and commenced labor, and was shortly afterwards discharged. The plaintiff, not acquiescing

in the discharge, but still insisting on the fulfilment of the contract as he understood, or seemed to understand it, repeatedly offered to continue to labor pursuant to its terms, but his offers were declined. The admission or declarations of the agent made at the time, were the principal, if not the only evidence, relied upon to prove the terms of the contract. Whether this evidence was sufficient or insufficient, is not for the Court to determine.

The counsel for the defendants then offered to prove that there was a usage at Mansville in reference to and with a perfect understanding of which this contract was made, and that by that usage, either party might terminate a contract to labor for a given time at will, without assigning any reason for so doing. To a majority of the Court, this usage seemed to be against the express terms of the contract, and in fact to annul it, and the evidence in relation to such usage was not permitted to pass to the jury.

The jury after having been charged that every essential particular of the contract set forth in the declaration should be satisfactorily proved, returned a verdict for the plaintiff, and gave damages to the amount of $367.57 and costs.

The defendants then moved for a new trial, on the ground that the evidence of the usage of Mansville was not permitted to pass to the jury, and on the ground that the damages were excessive. The motion was continued to the present term, when, after argument and further advisement, a majority of the Justices (Durfee and Haile) delivered the following as the opinion of the Court :

James W. Sweet *v.* Jenkins & Man.

This motion does not specifically set forth what the usage sought to be proved was. Undoubtedly, usages not inconsistent with the entire contract and of which the parties have notice and with reference to which the contract is made, may be given in evidence. This Court has permitted evidence of a usage to discharge, on giving a fortnight's notice, to be proved in the trial of an action for the breach of a contract similar to that described in the declaration ; for in such a case a contract, absolute on the face of it, is complete' at its inception and may well stand consistently with the usage, just as a deed, absolute on the face of it, may stand with a condition existing in parol, which makes it a mortgage. But in the case at bar, the contract and the usage cannot stand together. Either the contract must prevail and make void the usage, or, the usage must prevail and make void the contract. And, can there be a doubt which of these alternatives should be sustained at law ? At law, the contract is valid—is a legally binding contract from its inception, and shall that law permit a usage to be proved, which makes it void at and from its inception ? We must take the contract to be precisely as described in the declaration, for the same reason that we take the usage to be as described by the defendants. Now, the contract described in the declaration, is not a contract made with *reference* to the usage, but *against* it. The contract described, is to labor for a year, but the usage terminates it at will. The contract is, by the very fact of its existence, a protest against the usage, for it ceases to be a special contract the moment that the usage is made a part of it.

But, considered in connection with the usage, the contract has no legal obligation and the usage must, in that

point of view, be regarded as inconsistent with the contract. Let the usage explain the contract and what are the terms of the arrangement into which the parties entered ? They are these : The plaintiff promises and undertakes for a certain sum to work for the defendants for and during the space of one year, if he chooses, and the defendants engage to pay and employ him for that time, if they choose. This is the contract, if it may be so called, which the verbal agreement, coupled with the usage, makes for the parties. Now, until the expiration of the year and the continued acquiescence of both parties in these terms, the contract has no binding force whatever ; neither party can break it ; no law can enforce it ; and at the end of the year it would not be a contract in virtue of the force of its original terms, but in virtue of such continued acquiescence. The contract, if the usage be a part of it, is at its inception incomplete, without a legal obligation, and, therefore, in law a nullity. But the contract declared on is complete at its date ; it is prospective ; its legal obligation is entire and susceptible of being broken by either party at any time during its continuance. A usage which annuls such a contract cannot be given in evidence, without subverting the well settled rule, that usages inconsistent with a contract, cannot be given in evidence to affect it ; nor, without establishing the very reverse of that rule ; to wit : that usages, which ride over and even annul any special contract made with notice of the usage, may be given in evidence.

Again, the usage appears to be contrary to law, inasmuch as it incapacitates certain persons in Mansville for making contracts similar to the one declared on. It is in vain to say that the parties might protest against the

usage.   It is sufficient that the law imposes upon them no such necessity, and if it did, the contract itself, from the very fact that it is against the usage and cannot sub-sist along with it, is as strong a protest as can be made. .

Where parties contract for a given time, if they can agree, this Court has always required proof of some justi-fiable cause for a disagreement, but the usage in ques-tion refuses to assign any cause whatever.

The damages may be large, but they are not so exces-sive that the Court can grant a new trial for that cause. In this opinion we all agree.

The motion for a new trial is therefore over-ruled.